UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEONARD KING,

    Plaintiff,

v.

RON DAVIS, et al.,

    Defendants.

Case No. 19-cv-08201-SI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. No. 1

Leonard King, an inmate at San Quentin State Prison, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Leonard King alleges in his complaint that defendants Bloomfield, Franco, Velasco, Maxfield, Larkins, Young, and Voong have engaged in a "campaign of harassment [and] intentional infliction of emotional distress." Docket No. 1 at 3. These defendants "conspired and fabricated evidence in order to deceive and secure a conviction" that led to King's placement in administrative segregation. *Id.*

King further alleges that Sandra Velasco made false statements and filed a falsified rule violation report. Docket No. 1 at 4. King also alleges that lieutenant Sheldon found him guilty, disregarding the "overwhelming support" for King's claim that the charge in the rule violation report was false. *Id.* Defendants A. Maxfield and M. Voong erroneously cancelled King's inmate appeal.

While King (who is a diabetic) was in administrative segregation, a spot developed on his toe; eventually, his right leg had to be amputated below his knee. *Id.* at 6. He alleges that the

amputation was caused by inmates in administrative segregation having low priority for medical attention and that led to him being unable to receive timely medical attention.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The complaint fails to state a claim against any particular defendant and therefore must be dismissed. Leave to amend is granted so that King may attempt to file an amended complaint that cures the deficiencies discussed in this order.

<u>Due Process</u>: The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones

pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487.

False charges alone are not actionable under § 1983 because falsely accusing a person of misconduct does not violate a right secured by the Constitution or laws of the United States. For a false accusation to be potentially actionable, the false charge must implicate some constitutional right, such as the Fourteenth Amendment's right to due process. An allegation of a false charge that results in discipline that is not severe enough to amount to a deprivation of a protected liberty interest under *Sandin* – that is, by imposing an atypical and significant hardship or by inevitably affecting the duration of confinement – does not state a claim under § 1983. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002) (no § 1983 claim was stated for allegedly false charges because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*). Even if the false charge does result in discipline that amounts to the deprivation of a protected liberty interest under *Sandin*, a § 1983 claim is not stated if the inmate is afforded the procedural protections required by federal law at the disciplinary hearing. *See Smith*, 293 F.3d at 654; *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).

King does not identify the discipline that was imposed on him other than to state that he went to administrative segregation for an unspecified amount of time. Without that information, it cannot be determined that the false statements allegedly made by Sandra Velasco or the disciplinary

3

decision rendered by lieutenant Sheldon are actionable under § 1983. If he alleges these claims again in his amended complaint, King must state (a) the length of the SHU term imposed when he was found guilty of the rule violation report and (b) whether he lost any time credits as a result of that disciplinary decision. If he lost time credits, he must state the length of his prison sentence, i.e., whether he is serving a life sentence or a sentence of a particular number of years.

Conspiracy: Conclusory allegations of a conspiracy unsupported by material facts are insufficient to state a claim. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). "'A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.'" *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted). A civil plaintiff "must show that the conspiring parties reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *Id.* (internal citation and quotation marks omitted). A conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983, but may "enlarge the pool of responsible defendants by demonstrating their causal connections to the violation." *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). The complaint's allegation that defendants conspired against King do not state any claim because they are mere conclusions unsupported by any facts.

Medical care: Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2) deliberate indifference thereto by a defendant. Deliberate indifference may be demonstrated when prison officials deny, delay or intentionally interfere with medical treatment, or it may be inferred from the way in which prison officials provide medical care. *See McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). The complaint fails to state a claim against anyone for deliberate indifference to King's toe and leg problems. King's theory appears to be that, because defendants caused him to be in

4

administrative segregation, they are liable for medical problems that developed while he was in administrative segregation. That theory does not work. There must be a closer causal connection between alleged wrongdoing and injury than simply that the defendant caused the plaintiff to be put in a facility where the plaintiff was later injured. "In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). If King wishes to pursue a claim based on his medical care, he must allege facts showing what each defendant did or failed to do that caused him to need an amputation, beyond merely filing false charges or presiding over a disciplinary hearing that led to him being put in the administrative segregation unit where the amputation became necessary.

Inmate appeals: There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Prison officials are not liable for a due process violation for simply failing to process an appeal properly, denying an inmate appeal or granting an inmate appeal. A claim under § 1983 for a due process violation is not stated against any defendant for denying or improperly handling King's inmate appeals. The due process claims against defendants Maxfield and Voong for erroneously cancelling King's inmate appeals are dismissed without leave to amend.

Linking defendants to claims: In his amended complaint, King may list as defendants those individuals he wishes to sue for violating his constitutional rights. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v.*

5

*Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). There is no respondeat superior liability under § 1983, that is, there is no liability under section 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## CONCLUSION

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint that complies with the directions in this order no later than **April 10, 2020,** and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: March 5, 2020

SUSAN ILLSTON
United States District Judge