UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD KING,<br>　　　　　Plaintiff,<br>　　v.<br>RON DAVIS, et al.,<br>　　　　　Defendants. | Case No. 19-cv-08201-SI<br><br>**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND**<br>Re: Dkt. No. 10 |

Leonard King, an inmate at San Quentin State Prison, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983. The court dismissed the complaint with leave to amend so that King could cure several deficiencies in his pleading. He quickly filed an amended complaint and, a month later, filed another amended complaint. Docket Nos. 9, 10. The most recent amended complaint supersedes the earlier pleadings and is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

Leonard King alleges the following in his amended complaint:

Sandra Velasco filed a rule violation report charging King with "battery on a non-correctional officer, with force or violence." Docket No. 10 at 2; *see* Docket No. 1 at 23 (rule violation report authored by custodian Velsaco accusing King of shoving a laundry cart that struck her back after they had exchanged words). Although she filed the report in December 2017, the incident allegedly occurred three months earlier, on September 5, 2017. Docket No. 1 at 2-4, 5, 15. King was removed from his job and put in administrative segregation, where he remained for 45 days before he had a disciplinary hearing. *See id.* at 3, 16. Before the hearing, a correctional officer

was assigned as an investigative employee, and King did not object. *Id.* at 3. The investigative employee interviewed several inmates and members of the correctional staff, who provided statements favorable to King: the witnesses stated that they had not seen King threaten or be disrespectful to anyone and they had not seen him hit Velasco with a cart. *See id.* at 3-4, 59-62. The investigative employee submitted his report. *Id.* at 3-4. King was found guilty by the "hearing board" to whom the evidence favorable to him had been submitted, and he was given another 180 days in the SHU in addition to the 45 days he already had spent in segregated housing. *Id.* at 4. In addition to the 180-day SHU term, the discipline imposed included a loss of 160 days of time credits for King, who was serving an indeterminate 30-years-to-life sentence. *Id.* at 5.

Later, prison officials planned to transfer King but the medical staff put a hold on the transfer because a "spot" had developed on his right toe that had developed gangrene. *Id.*at 4. King was admitted to an outside hospital on March 5, 2019, where doctors did a below-knee amputation. *Id.*at 4-5, 19.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  The Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations

must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A. <u>The Disciplinary Matter</u>

The amended complaint fails to state a claim upon which relief may be granted for the disciplinary proceedings against King. As the court explained in the order of dismissal with leave to amend, King had a federal right to due process only if he was subjected to an atypical and significant hardship or lost time credits that would affect the duration of his confinement. *See* Docket No. 7 at 2-3 (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). The discipline King received – including 180+ days in the SHU – is an atypical and significant hardship in relation to the ordinary incidents of prison life sufficient to show the deprivation of a liberty interest of a real substance, *see Sandin*, 515 U.S. at 484, such that procedural protections were required as a matter of federal due process. But alleging the deprivation of a protected liberty interest is only the first step, as the plaintiff must also identify the procedural protections that were not provided.

The procedural protections needed to guard against the erroneous deprivation of a protected liberty interest are set out in federal cases, rather than any more generous procedures that might be allowed under a prison's own rules. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994). For a disciplinary decision, the procedural protections federally required for the hearing include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). There also must be some evidence to support the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and the information that forms the basis for the decision must have some indicia of reliability, *see Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

King does not allege facts showing that he was deprived of any of the procedural protections required before a prisoner may be deprived of a constitutionally protected liberty interest. The biggest problem here is that King appears to be conflating two different events – a disciplinary

hearing and a classification committee hearing -- and attaches incomplete documents that further confuse the matter.[1] King alleges that he appeared before a "disciplinary panel" 45 days after he was put in administrative segregation on December 8, 2017, and that he was found guilty by a "hearing board." Docket No. 10 at 1-2; *see also id.* at 4 (was found guilty by a "hearing board"), 5 (appeared before "disciplinary hearing panel and was given a sentence of 180 days and lost 160 days of time credits). The court's general understanding is that the disciplinary process unfolds thusly in the California prison system: when a rule violation report is issued, a disciplinary hearing will be held before a single hearing officer; if that hearing officer finds the inmate guilty of a serious rule violation, the hearing officer may impose some discipline (e.g., loss of privileges for a set period) and refer the inmate to a classification committee to consider whether to impose a SHU term; a classification committee later meets with the inmate and may impose a SHU term and/or loss of time credits at that time. *See* Cal. Code Regs. tit. 15, §§ 3315©-(g), 3320, 3341.9. King's allegations are unusual in that they suggest (a) that he was found guilty by a hearing board/panel rather than a single hearing officer, and (b) that the entity that found him guilty imposed the SHU term. The reason this matters is that the court cannot understand the nature of his problem, e.g., whether King contends that he never received any hearing on his rule violation report and was simply sent to a classification committee, or whether he contends that he had a right to present witnesses in a classification committee meeting, or whether he is trying to describe some other problem.

Leave to amend is granted so that King may file a second amended complaint to attempt to allege a due process claim that identifies the particular procedural protections he was not provided in connection with the disciplinary proceedings against him. King also must state the date on which

---

[1] King has not filed a copy of the full rule violation report. He attaches to his amended complaint the "RVR supplemental" that consists of a report from the investigative employee describing his conversation with King as well as the answers provided by the various witnesses King asked to be interviewed. ECF No. 10 at 59-62. And King attached to his original complaint some pages of the RVR that described the charges against him and included some reports about the incident. Docket No. 1 at 23-31. But neither version includes the critical sections of a completed RVR that would contain a statement about the hearing that was held (e.g., the evidence considered and King's statement to the hearing officer) and a recitation of the hearing officer's decision (e.g., a finding of guilty or not-guilty).

he was found guilty and the date on which the SHU term was imposed. King should attach a copy of the portion of the rule violation report that describes the hearing that was held (e.g., the date it was held and the evidence that was considered) and the result of that hearing (e.g., guilty of the charge) or allege that no hearing was ever held before a hearing officer. King also should attach a copy of the classification committee's chrono (or other document) showing that a 180-day SHU term was imposed and time credits were forfeited.

The nub of King's claim appears to be that he should not have been found guilty of pushing a cart into Velasco because he presented evidence that other inmates and staffmembers stated that King had not threatened anyone and that no one saw him shove the cart into Velasco's back. The federal right to due process does not give an inmate a right automatically to have his proffered defense accepted by the hearing officer. "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board. . . . Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. at 455. The rule violation report and the chrono from Velasco asserting that the cart-shoving event did occur tend to suggest there was some evidence to support the decision. If King wants to pursue a claim that there was not some evidence to support the disciplinary decision, he must allege that in his second amended complaint. And for such a claim, he must identify the person(s) who found him guilty based on the deficient evidence.

King also faults the disciplinary board for not talking to the inmates and staff members who had provided helpful answers in response to the investigative employee's questions. But he does not allege that he asked for these witnesses to be called. Nor is it clear whether he wanted these witnesses called at the classification committee meeting or the disciplinary hearing. If he wants to pursue a claim about the lack of witnesses, he needs to identify the witnesses and allege facts showing that he was denied witnesses he requested to be called at the disciplinary hearing.

B. <u>Medical Care</u>

The amended complaint also does not state a claim upon which relief may be granted with regard to medical care. To allege an Eighth Amendment claim based on inadequate medical care, a prisoner must allege facts showing: (1) a serious medical need, and (2) deliberate indifference thereto by a defendant. Deliberate indifference may be demonstrated when prison officials deny, delay or intentionally interfere with medical treatment, or it may be inferred from the way in which prison officials provide medical care. *See McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Docket No. 7 at 4-5. The mental state of deliberate indifference requires that a defendant know of and consciously disregard a serious risk to an inmate's health. As the court also explained, King had to link individual defendants to his claims by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *Id.* at 5.

The amended complaint adequately identifies a serious medical need (i.e., a spot on King's toe that eventually required amputation), but does not allege that any defendant acted with deliberate indifference to King's medical need. As the court earlier explained, it stretches causation requirements too far to hold that a person who made a decision that caused King to be placed in the SHU is liable for medical problems that later arose when King was in the SHU. Docket No. 7 at 5. In the order of dismissal with leave to amend, the court explained that, "[i]f King wishes to pursue a claim based on his medical care, he must allege facts showing what each defendant did or failed to do that caused him to need an amputation, beyond merely filing false charges or presiding over a disciplinary hearing that led to him being put in the administrative segregation unit where the amputation became necessary." *Id.* King may attempt to allege a deliberate-indifference-to-medical-care claim in his second amended complaint.

## CONCLUSION

The amended complaint is dismissed with further leave to amend. Plaintiff must file a second amended complaint that complies with the directions in this order no later than **August 31, 2020**, and must include the caption and civil case number used in this order and the words SECOND

1 AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his second amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the second amended complaint by the deadline will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: July 13, 2020

SUSAN ILLSTON
United States District Judge