1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7      LEONARD KING,                              Case No. 19-cv-08201-SI

8                   Plaintiff,

9            v.                                   **ORDER OF DISMISSAL**

10     RON DAVIS, et al.,                         Re: Dkt. No. 13

11                  Defendants.

United States District Court
Northern District of California

12

13          Leonard King, an inmate at San Quentin State Prison, filed this *pro se* civil rights action

14     seeking relief under 42 U.S.C. § 1983.  The court dismissed the complaint with leave to amend so

15     that King could cure several deficiencies in his pleading.  He quickly filed an amended complaint

16     and, a month later, filed another amended complaint.  Docket Nos. 9, 10.   The court reviewed the

17     amended complaint, and dismissed it with further leave to amend.  Docket Nos. 10, 12.  King then

18     filed a second amended complaint[1] that is now before the court for review under 28 U.S.C. § 1915A.

19          King alleges in his second amended complaint, as he had in his amended complaint, that he

20     was disciplined based on a false rule violation report from Sandra Velasco charging him with battery

21     on a non-correctional officer.  In the order of dismissal with further leave to amend, the court

22     explained that King had failed to state a claim for a due process violation because he had not alleged

23     facts showing that he was deprived of any of the procedural protections required before a prisoner

24     may be deprived of a constitutionally protected liberty interest.  *See* Docket No. 12 at 3.  The court

25     explained that the procedural protections federally required for a disciplinary hearing include written

26     notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and

27     _____

28          [1] The second amended complaint consists of the court's complaint form (Docket No. 13 at
       11), plus an "amendment complaint" (*id.* at 17-30), plus almost 40 pages of miscellaneous exhibits.

1     documentary evidence when not unduly hazardous, and aid to the accused where the inmate is

2     illiterate or the issues are complex, as well as a decision that was supported by some evidence that

3     had some indicia of reliability.  *Id.* at 3 (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974),

4     *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th

5     Cir. 1987)).  The court granted leave to amend so that King could file a second amended complaint

6     "that identifies the particular procedural protections he was not provided in connection with the

7     disciplinary proceedings against him."  *Id.* at 4.

8              King's second amended complaint fails to allege facts showing the denial of any of these

9     federally required procedural protections.  King again asserts that many people gave statements that

10    disagreed with the statements of the complaining witness (Velasco) and supported King's version

11    that the incident never happened; however, as the court earlier explained, the federal right to due

12    process does not give an inmate a right automatically to have his proffered defense accepted by the

13    hearing officer.  *Id.* at 5.  As the court also earlier explained, false charges are not actionable under

14    § 1983 if the inmate is afforded the procedural protections required by federal law at the disciplinary

15    hearing.  Docket No. 7 at 3.  King does not allege the denial of any of those procedural protections

16    identified in *Wolff*, *Superintendent v. Hill*, and *Cato*.  The second amended complaint fails to state

17    a claim for a due process violation.  Further leave to amend will not be granted because it would be

18    futile: the court has identified the pleading deficiencies in the due process claim and King was unable

19    or unwilling to cure them in his second amended complaint.

20             The second amended complaint again alleges that King received inadequate medical care

21    and suffered a below-knee amputation after he was put in segregated housing as a result of the

22    disciplinary proceeding.  As the court has twice explained, King had identified a serious medical

23    need but had not alleged that any defendant acted with deliberate indifference to that medical need.

24    *See* Docket No. 7 at 4-5; Docket No. 12 at 6.  The second amended complaint once again identifies

25    the medical need yet once again fails to allege any facts suggestive of the mental state of deliberate

26    indifference by anyone.  The second amended complaint fails to state an Eighth Amendment claim

27    for deliberate indifference to a serious medical need.  Further leave to amend will not be granted

28    because it would be futile: the court has identified the pleading deficiencies and King was unable or

United States District Court
Northern District of California

1   unwilling to cure them in his second amended complaint.

2       For the foregoing reasons, this action is dismissed for failure to state a claim upon which

3   relief may be granted.  The clerk shall close the file.

4       **IT IS SO ORDERED**.

5   Dated: November 12, 2020

6   _____

7   SUSAN ILLSTON
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3